**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| CHRISTOPHER BOUCHARD, | : | **Hon. Renée Marie Bumb** |
|  | : |  |
| Petitioner, | : | Civil No. 11-3273 (RMB) |
|  | : |  |
| v. | : |  |
|  | : |  |
| J.T. SHARTLE, | : | **OPINION** |
|  | : |  |
| Respondents. | : |  |
|  | : |  |

**APPEARANCES:**

> CHRISTOPHER BOUCHARD, #03754-049
> F.C.I. Fairton
> P.O. Box 420
> Fairton, New Jersey  08320
> Petitioner Pro Se

**BUMB**, District Judge

Christopher Bouchard, a federal inmate confined at FCI Fairton in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking restoration of 40 days of good conduct time forfeited as a disciplinary sanction.  For the reasons expressed below and because the face of the Petition and attachments show that Petitioner is not entitled to relief, this Court will summarily dismiss the Petition.

**I.  BACKGROUND**

Petitioner challenges the loss of 40 days of earned good conduct time imposed by the Bureau of Prisons ("BOP") as a

disciplinary sanction while Petitioner was confined at FCI Fort

Dix.

Petitioner executed the Petition on June 2, 2011.  The Clerk

received it on June 7, 2011.  Petitioner asserts the following

facts:

> On or about April 30, 2010 the reporting
> officer J. Ellis signed an Incident Report
> (I/R) No. 2009791 that concluded that
> Petitioner possessed a hazardous tool a cell
> phone charger a code 108 violation in the
> Federal Bureau of Prisons (F.B.O.P.) a
> Greatest Severity Level violation . . . .
> Petitioner never admitted that the contraband
> was His . . . .  That resulted in the
> Petitioner losing 108 days of non vested good
> time and the disallowance of 40 days GCT
> among other sanctions.  The Petitioner was
> charged with one Act, Possession of a Cell
> phone.

(Docket Entry #1, pp. 3-4.)

Petitioner further asserts that he exhausted the BOP's

three-step Administrative Remedy Program.  Attached to the

Petition are the following documents:  (1) Incident Report dated

April 30, 2010; (2) Discipline Hearing Officer Report; (3)

Regional Director's Response to Petitioner's appeal of the

sanction, dated July 23, 2010; and (4) receipt dated January 6,

2011, indicating that the Administrative Remedy Coordinator of

the BOP's Central Office received Petitioner's appeal on December

1, 2011, and that the response is due on January 10, 2011.

(Docket Entry #1-1, pp. 1-6.)

2

The Incident Report charges Petitioner with a violation of Code 108, Possession, Manufacture, or Introduction of a Hazardous Tool:  "On April 30, 2010 at approximately 7:10 pm while conducting a shake down of inmate Bouchards 03754-049 secure wall locker I located a samsung cell phone charger.  The charger was altered with other wires and another connection.  The phone charger was found inside of a sock on the top shelf of his locker."  (Docket Entry #1-1, p. 1.)

After conducting a hearing on May 7, 2010, the Disciplinary Hearing Officer found Petitioner guilty of code 108.  Petitioner appealed, and on July 23, 2010, J.L. Norwood, Regional Director, denied the appeal as follows:

> You appeal the May 7, 2010 decision of the Discipline Hearing Officer (DHO) at FCI Fort Dix, finding you committed the prohibited act of Possessing a Hazardous Tool (cell phone charger), Code 108, Incident Report No. 2009791.  You contend the Bureau of Prisons (BOP) is misinterpreting Code 108, which is clearly defined and does not include a cell phone.  You state the BOP has circumvented the Administrative Procedures Act and there is insufficient notice of this violation. You argue that you are being denied equal protection by having greater sanctions imposed than for a code 305, the more appropriate charge.
>
> In your appeal, you do not deny that a Samsung cell phone charger was found in your secured wall locker, hidden inside a sock on April 30, 2010.  At the DHO hearing, you stated you keep your locker unlocked all the time and implied someone put the charger in your locker.  The DHO also considered staff memoranda and a photograph of the charger.

> You are responsible for securing your
> personal property and for all contraband
> found in your assigned areas.  You did not
> present any evidence the cell phone charger
> belonged to someone else and the DHO
> reasonably determined you possessed
> contraband hazardous to institution security.
> Although you believe you were charged with
> the wrong offense code, by memorandum dated
> December 28, 2009, the Warden at FCI Fort Dix
> advised the inmate population than an inmate
> found in possession of electronic
> communication devices or related equipment
> such as cellphones, chargers, video
> equipment, etc., may be charged with a
> violation of Code 108.  We concur with this
> decision and find you were appropriately
> charged and sanctioned.
>
> The record in this case reflects substantial
> compliance with Program Statement 5270.08,
> Inmate Discipline.  The decision of the DHO
> was based upon the greater weight of the
> evidence and the sanctions imposed were
> consistent with the severity level of the
> prohibited act.  The sanctions imposed:  60
> days disciplinary segregation, disallow 40
> days god conduct time, forfeit 108 days non-
> vested good conduct time, 18 months loss of
> telephone privileges and 90 days loss of
> commissary and visiting privileges, were not
> disproportionate to your misconduct.
> Accordingly, your appeal is denied.

(Docket Entry #1-1, p. 4.)

Petitioner submitted an appeal to the Administrative Remedy

Coordinator at the BOP's Central Office, which received the

appeal on December 1, 2010.  (Docket Entry #1-1, p. 6.)  To date,

Petitioner has received no response.[1]

---

[1] If the appeal was not received until December 1, 2010, it
may be untimely, as the Regional Director's decision states that
(continued...)

In the Petition before this Court Petitioner argues :  (1) the BOP violated due process because at the disciplinary hearing Petitioner denied that the cell phone charger was his; (2) because "a phone charger can never be a hazardous tool" (Docket Entry #1, p. 5), the BOP abused its discretion by finding him guilty of code 108, Possession, Manufacture, or Introduction of a hazardous tool, when the proper charge was code 305, Possession of Anything Not Authorized; and (3) the BOP violated equal protection by failing to reduce his charge to code 305 when it reduced the charges of two other inmates for possession of a cell phone.  Petitioner seeks a writ directing the BOP to restore the 40 days of good conduct time or to reduce the sanction to that for a code 305 violation.  (Docket Entry #1, pp. 6-7.)

## II.  DISCUSSION

### A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties

---

[1](...continued)
the appeal must be received in the Central Office within 30 calendar days of July 23, 2010.

of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed."  Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).  This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the loss of good conduct time on federal grounds, and he was incarcerated in New Jersey at the time he filed the Petition.  See Queen v. Miner, 530 F. 3d 253, 254 n.2 (3d Cir. 2008); Woodall, 432 F.3d at 242-44.

B.  Standard of Review

    "Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a habeas petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 through Rule 1(b).  Habeas Rule 4 requires a judge to sua sponte dismiss a petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4, applicable to § 2241

through Rule 1(b).  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856. Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief."  Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

C.  Due Process

Petitioner argues that the BOP violated due process by revoking his good conduct time credits without sufficient evidence that he was guilty of Possession, Manufacture, or Introduction of a Hazardous Tool, because he denied that it was his.

The Due Process Clause of the Fifth Amendment of the Constitution of the United States provides:  "No person shall . . . be deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  Federal inmates possess a liberty interest in good conduct time.  See Wolff v. McDonnell, 418 U.S. 539, 555-57 (1974); Young v. Kann, 926 F. 2d 1396, 1399 (3d Cir. 1991); Levi v. Holt, 192 Fed. App'x. 158 (3d Cir. 2006).

Where a prison disciplinary hearing results in the loss of good conduct time, due process requires:  (1) 24 hours advance written notice of the disciplinary charges; (2) a hearing with the right to testify, call witnesses and present documentary evidence, when not unduly hazardous to correctional goals; and (3) a written statement by the factfinder as to the evidence relied on and reasons for the disciplinary action.  See Wolff, 418 U.S. at 564-566.  In addition to the requirements of Wolff, "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary [officer] are supported by some evidence in the record."  Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985) (citations and internal quotation marks omitted); see also Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992); Thompson v. Owens, 889 F.2d 500, 501 (3d Cir. 1989).  The Supreme Court explained the "some evidence" standard in this passage of Hill:

> We hold that the requirements of due process
> are satisfied if some evidence supports the
> decision by the prison disciplinary board to
> revoke good time credits.  This standard is
> met if there was some evidence from which the
> conclusion of the administrative tribunal
> could be deduced.  Ascertaining whether this
> standard is satisfied does not require
> examination of the entire record, independent
> assessment of the credibility of witnesses,
> or weighing of the evidence.  Instead, the
> relevant question is whether there is any
> evidence in the record that could support the
> conclusion reached by the disciplinary

> [officer].  We decline to adopt a more
> stringent evidentiary standard as a
> constitutional requirement.  Prison
> disciplinary proceedings take place in a
> highly charged atmosphere, and prison
> administrators must often act swiftly on the
> basis of evidence that might be insufficient
> in less exigent circumstances.  The
> fundamental fairness guaranteed by the Due
> Process Clause does not require courts to set
> aside decisions of prison administrators that
> have some basis in fact.  Revocation of good
> time credits is not comparable to a criminal
> conviction, and neither the amount of
> evidence necessary to support such a
> conviction, nor any other standard greater
> than some evidence applies in this context.

Hill, 472 U.S. at 455-456 (citations and internal quotation marks

omitted); see also Thompson, 889 F.2d 500.

"The fundamental fairness guaranteed by the Due Process

Clause does not require courts to set aside decisions of prison

administrators that have some basis in fact."  Hill, 472 U.S. at

455-56.  For example, in Hill, the Supreme Court reversed the

state court's determination that the evidence of a disciplinary

infraction was constitutionally deficient because it did not

support an inference that more than one person had assaulted the

victim; the Supreme Court held that the evidence before the

disciplinary board satisfied the "some evidence" standard:

> The disciplinary board received evidence in
> the form of testimony from the prison guard
> and copies of his written report.  That
> evidence indicated that the guard heard some
> commotion and, upon investigating, discovered
> an inmate who evidently had just been
> assaulted.  The guard saw three other inmates

> fleeing together down an enclosed walkway.
> No other inmates were in the area . . . .
>
> The Federal Constitution does not require
> evidence that logically precludes any
> conclusion but the one reached by the
> disciplinary board.  Instead, due process in
> this context requires only that there be some
> evidence to support the findings made in the
> disciplinary hearing.  Although the evidence
> in this case might be characterized as
> meager, and there was no direct evidence
> identifying any one of the three inmates as
> the assailant, the record is not so devoid of
> evidence that the findings of the
> disciplinary board were without support or
> otherwise arbitrary.

Hill, 472 U.S. at 455-457 (citations omitted).

Similarly, in Santiago v. Nash, 224 Fed. App'x 175, 177 (3d

Cir. 2007), Santiago brought a § 2241 petition challenging the

loss of good conduct time where he was found guilty of possession

of a hazardous tool after a guard found a tattoo gun needle taped

to the frame of Santiago's bunk.  At the disciplinary hearing,

Santiago denied knowledge of the needle and claimed there was

insufficient evidence to find that he possessed the needle.  The

Third Circuit rejected the argument:

> We agree with the District Court that some
> evidence existed to support the DHO's
> conclusions.  Although Santiago argues that
> he had no knowledge of the needle's presence,
> it was found within an area that Santiago was
> responsible for keeping contraband-free.
> Further, in the absence of direct evidence
> indicating an inmate's guilt of possession,
> the 'some evidence' standard may be satisfied
> by application of the constructive possession
> doctrine in limited circumstances where a

     small number of inmates are potentially
     guilty of the offense charged.

Santiago v. Nash, 224 Fed. App'x at 177 (citations omitted);

accord Reynolds v. Williamson, 197 Fed. App'x 196 (3d Cir. 2006)

(where habeas petitioner shared cell with another inmate and

corrections officer found a 10-inch sharpened rod in the sink

drain of the cell and petitioner denied knowledge of weapon and

did not have the necessary plumbing tools to retrieve the hidden

shank from the drain, Third Circuit held that there was some

evidence that he possessed the shank).

  In this case, the undisputed fact that the cell phone

charger was found in Petitioner's locker provided some evidence

that Petitioner possessed the charger.  Compare Hill, 472 U.S. at

455-457 (where three inmates could have assaulted victim, there

was some evidence that Hill was the assailant); Shelby v.

Whitehouse, 399 Fed. App'x 121 (7th Cir. 2010) (where Shelby

shared cell with four other inmates and one inmate had admitted

that drugs found in the cell were his, disciplinary decision

finding Shelby guilty of possession was supported by "some

evidence," since collective responsibility among prisoners is not

unconstitutional); Flannagan v. Tamez, 368 Fed. App'x 586, 590

(5th Cir. 2010) (there was "some evidence" where "contraband was

found in [cell] that Flannagan share[d] with only five other

inmates"); Hamilton v. O'Leary, 976 F. 2d 341, 346 n.1 (7th Cir.

1992) (where the most likely scenario was that one in eight

prisoners had access to vent where weapons were found (12.5%

probability) and the record before the disciplinary hearing board

showed that there was a one in four probability, there was "some

evidence" of petitioner's guilt of possession of weapon) with

Broussard v. Johnson, 253 F. 3d 874, 877 (5th Cir. 2001) (where

the only evidence that petitioner possessed bolt cutters was the

fact that they were found in the kitchen where he worked, to

which 100 inmates had access, the evidence was insufficient to

satisfy "some evidence" standard).  Because the weapon was found

in Petitioner's locker, there was "some evidence" that he

possessed the weapon, and the BOP did not deprive Petitioner of

good conduct time credits without due process.[2]

D.  Abuse of Discretion

Petitioner argues that the BOP abused its discretion by

finding him guilty of Possession of a Hazardous Tool because a

cell phone charger is not a hazardous tool.

BOP regulations authorize the BOP to impose sanctions when

an inmate "is found to have committed a prohibited act."  28

C.F.R. § 541.13(a).  Prohibited acts under BOP regulations

include code 108, defined as follows:  "Possession, manufacture,

or introduction of a hazardous tool (Tools most likely to be used

in an escape or escape attempt or to serve as weapons capable of

---

[2] Petitioner raises no other due process challenge and
nothing before this Court indicates that the requirements of Wolf
were not satisfied.

doing serious bodily harm to others; or those hazardous to

institutional security or personal safety; e.g., hack-saw

blade)." 28 C.F.R. § 541.13, Table 3.

Petitioner challenges the BOP's determination that a cell

phone charger is a hazardous tool. The Regional Director

explained that, "by memorandum dated December 28, 2009, the

Warden at FCI Fort Dix advised the inmate population that an

inmate found in possession of electronic communication devices or

related equipment such as cell phones, chargers, video equipment,

etc., may be charged with a violation of Code 108. We concur

with this decision and find you were appropriately charged and

sanctioned." (Docket Entry #1-1, p. 4.)

The BOP's interpretation of its own regulation is

"controlling . . . unless it is plainly erroneous or inconsistent

with the regulation." Chong v. Dist. Dir., I.N.S., 264 F. 3d

378, 389 (3d Cir. 2001). The BOP's definition of hazardous tool

to include a cell phone charger is not plainly erroneous or

inconsistent with BOP regulations. See Hicks v. Yost, 377 Fed.

App'x. 223 (3d Cir. 2010) (BOP's definition of hazardous tool in

code 108 to include a cell phone is not plainly erroneous or

inconsistent with BOP regulations); McGill v. Martinez, 348 Fed.

App'x 718 (3d Cir. 2009) (where officer found a cell phone and a

charger in petitioner's cubicle, BOP did not violate due process

or abuse its discretion in sanctioning him 40 days of good

13

conduct time for possession of hazardous tool, code 108);

Robinson v. Warden, FCI Fort Dix, 250 Fed. App'x 462, 464 (3d

Cir. 2007) ("The BOP's definition of a hazardous tool to include

a cell phone is not plainly erroneous or inconsistent with BOP

regulations, see Chong v. Dist. Dir., I.N.S., 264 F. 3d 378, 389

(3d Cir. 2001), and Robinson's conduct clearly falls within Code

108"); Ortiz v. Zickefoose, 2011 WL 1675003 (D.N.J. May 3, 2011)

(denying habeas corpus relief who argued that possession of a

cell phone was not violation of code 108).  Under these

circumstances, this Court rejects Petitioner's argument that the

BOP abused its discretion in sanctioning him for a code 108

violation.  Id.

## E.  Equal Protection

Petitioner asserts that the BOP violated his right to equal

protection because it reduced the 108 code violation to a 305

code violation for inmates Hudson and Neagle, who also filed §

2241 petitions.  This Court's docket shows that Duane E. Hudson

filed a § 2241 petition challenging the loss of good conduct time

for possession of a cell phone at FCI Fort Dix, in violation of

code 108.  See Hudson v. Zickefoose, 2010 WL 4746220 (D.N.J. Nov.

15, 2010).  Judge Kugler found that the petition was rendered

moot where the BOP re-sanctioned Hudson for committing a code 305

violation, but determined that, "even if the Petition has not

been rendered moot . . . , Petitioner's challenges would be

14

subject to dismissal."  Id. at *1 (citing Pittman v. Zickefoose,
Civil No. 10-5057 (RMB) (D.N.J. closed Oct. 20, 2010)).
Similarly, Christopher Neagle filed a § 2241 petition challenging
the loss of 41 days of good conduct time for possession of a cell
phone in violation of code 108.  See Neagle v. Grondolsky, 2010
WL 2546021 (D.N.J. June 18, 2010).  "Petitioner allege[d] that he
was deprived of liberty without due process of law because he has
lost good conduct days as a result of the sanctions imposed by
being charged with a Code 108 infraction for the possession of a
cell phone which carries stronger legal consequences than a Code
305 violation."  Id. at *3.  Although the BOP's answer indicated
that it had reduced the infraction to a Code 305 violation, Judge
Hillman dismissed the petition on the merits, finding that the
BOP did not violate Petitioner's federal rights by sanctioning
him for a code 108 violation.

The Equal Protection Clause requires that all people
similarly situated be treated alike.  See City of Cleburne v.
Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  A petitioner who
alleges an equal protection violation has the burden of proving
the existence of purposeful discrimination that had a
discriminatory effect on him.  See McCleskey v. Kemp, 481 U.S.
279, 292 (1987); Whitus v. Georgia, 385 U.S. 545, 550 (1967).
"Thus, to prevail under the Equal Protection Clause, [Petitioner]

15

must prove that the decisionmakers in *his* case acted with discriminatory purpose."   McCleskey, 481 U.S. at 292.

The problem with Petitioner's equal protection claim is that, other than alleging that the BOP reduced the severity of the disciplinary charge for cell phone possession in two other cases, he has alleged nothing to indicate that his disciplinary sanction was the result of purposeful discrimination. Accordingly, his equal protection claim fails.   See Millard v. Hufford, 2011 WL 681091 (3d Cir. Feb. 28, 2011) ("Millard cited various cases in which inmates received less severe punishment for the same violation committed by Millard (possession of a weapon), arguing that because he received harsher punishment than other inmates for the same offense, the punishment must have been the result of discrimination . . . .   Millard's argument falls well short of establishing the purposeful discrimination necessary to make out an equal protection claim").

As the Petition and attachments do not show that the final administrative decision violated the Constitution, laws or treaties of the United States, this Court will dismiss the Petition.

16

## III.   CONCLUSION

For the reasons set forth above, the Court dismisses the

Petition for a Writ of Habeas Corpus.


                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**


Dated: June 27, 2011

17